UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN W. CURRYTTO, | : | |
|     Plaintiff, | : | CASE NO. 3:18-cv-808 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE, et al. | : | |
|     Defendants. | : | July 10, 2018 |

## INITIAL REVIEW ORDER

On May 11, 2018, the plaintiff, Kevin W. Currytto, an inmate currently confined at Osborn Correctional Institution in Somers, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against thirty employees of the Connecticut Department of Correction for violating his rights under the United States Constitution, Connecticut Constitution, and the Americans with Disabilities Act ("ADA"). He seeks preliminary injunctive relief and damages against the defendants. On June 1, 2018, this court granted the plaintiff's motion to proceed *in forma pauperis* (ECF No. 10).

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570.

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

The plaintiff's complaint alleges claims against thirty defendants at three separate prison facilities (MacDougall-Walker Correctional Institution, Osborn Correctional Institution, and Bridgeport Correctional Center) for four separate and distinct causes of action: (1) violations of the Eighth Amendment protection against cruel and unusual punishment, Connecticut Constitution, and the ADA by subjecting him to unnecessarily short chow hall meal times, (2) Eighth Amendment violation for deliberate indifference to his arm injury and heart problem, (3) Fourteenth Amendment Due Process violation for failing to properly process his medical grievances, and (4) Eighth Amendment violation for deliberate indifference to his mental health needs. Rule 20 of the Federal Rules of Civil Procedure permits joinder of claims against multiple defendants only if two criteria are satisfied: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The four causes of action stated in the complaint are against separate defendants and are generally unrelated to each other. Thus, the complaint fails to comply with Rule 20 and must be dismissed.

**ORDERS**

(1) The complaint is hereby dismissed without prejudice. The plaintiff may, within **thirty (30) days** of the date of this order, submit an amended complaint alleging facts in support of **one** of the aforementioned causes of action. The plaintiff may pursue other unrelated claims in a separate action. Failure to comply with these instructions may result in dismissal of the case with prejudice.

(2) The plaintiff's motions for preliminary injunctive relief (ECF Nos. 8, 12) and motion to strike (ECF No. 11) are DENIED as moot. The plaintiff may file a new motion for a preliminary injunction in a new action setting forth a cause of action related to that motion.

It is so ordered.

Dated at Hartford, Connecticut this 10th day of July 2018.

_____/s/_____
Michael P. Shea
United States District Judge